Fiol Matta, Jueza Ponente
TEXTO COMPLETO DE LA SENTENCIA
Comparece ante nos la Sra. Rossi C. Peña Crespo solicitándonos que revoquemos la resolución de la Junta de Apelaciones del Sistema de Administración de Personal (JASAP), emitida el 29 de junio de 1998. Habiendo examinado los autos y el derecho aplicable expedimos el auto solicitado y confirmamos la resolución recurrida.
I
En junio de 1996, la señora Peña Crespo ocupaba un puesto en la Administración de Familias y Niños del Departamento de la Familia (en adelante el Departamento), el cual tenía entonces una clasificación de Técnico de Servicios Sociales II, con un sueldo mensual de $843.00. Como resultado de su solicitud de traslado por *623 razón de acomodo razonable, la señora Peña Crespo fue trasladada a un puesto con la misma clasificación y sueldo en la Administración de Desarrollo Económico del mismo Departamento, efectivo el 1ro. de diciembre de 1995.
Posteriormente, en comunicación del 28 de junio de 1996, el Departamento notificó a la aquí recurrente que el puesto que ocupaba se había clasificado como Técnico de Servicios a la Familia III, con un salario mensual de $1,227 retroactivo al 1 de marzo de 1996, por motivo de la implantación del nuevo Plan de Clasificación y Retribución en el Departamento. En carta del 8 de julio de 1996, la señora Peña Crespo solicitó la revisión de su puesto “ya que en la actualidad no laboro para la Administración de Familias y Niños, sino para la Administración de Desarrollo Económico”. En el mes de octubre del mismo año, el Comité Revisor del Departamento contestó su petición ordenándole que expusiera por escrito sus alegaciones y defensas, así como el remedio solicitado. El 11 de octubre de 1996, la señora Peña Crespo respondió a dicha orden indicándole al Departamento que, dado que el Comité Revisor le informó que su petición ho contenía alegaciones que justificaran la concesión de un remedio, permanecería “en el mismo puesto y con el mismo salario” y que “cualquier situación adversa detectada en un futuro será responsabilidad del Departamento” y no de ella.
El 30 de junio de 1997, el Departamento le suscribió a la recurrente una Notificación de Cambio en Clasificación en la cual le expresó que la compañía que realizó la clasificación de puestos para el nuevo Plan no recibió información sobre su traslado a la Administración de Desarrollo Económico. Le informó, además, que acorde a las funciones que realiza en esa dependencia, el puesto que ocupaba fue clasificado como Técnico de Asistencia Social y Familiar III, devengando un salario mensual de $1,173, efectivo al 1ro. de marzo de 1996. Oportunamente, la señora Peña Crespo apeló ante la JASAP alegando, en esencia, que “la Secretaria Auxiliar de Personal y Recursos Humanos tenía conocimiento del traslado y no tomó acciones correctivas durante el término de un año y un día. Además, el traslado o acomodo razonable fue autorizado tomando como base la Ley A.D.A. lo cual implica que el sueldo originalmente asignado de acuerdo al Plan de Clasificación y retribución es un derecho adquirido. ”
Por su parte, el Departamento contestó la apelación instada ante la JASAP y adujo que tiene facultad para corregir el error cometido, toda vez que la primera notificación de clasificación enviada a la señora Peña Crespo se hizo a base de las funciones que desempeñaba en la Administración de Familias y Niños y ella ya no desempeñaba esas tareas al momento de implantarse el nuevo Plan. Señaló, además, que un acomodo razonable es una modificación o ajuste de tareas, ambiente o puesto que no le confiere un derecho adquirido sobre determinado sueldo. Sostuvo que la revisión de clasificación y retribución se tenía que hacer a base de las funciones que la empleada ejercía al momento de establecerse el nuevo Plan. Añadió que la clasificación y retribución correctamente asignada por sus funciones reales en la Administración de Desarrollo Económico no resultó en menoscabo de su sueldo, dado que la apelante obtuvo un aumento de sueldo mensual de $330.
En la resolución impugnada, la JASAP denegó la apelación y determinó que la actuación del Departamento fue conforme a derecho. Señaló que, a pesar de que el puesto de Técnico de Servicios Sociales II quedó correctamente clasificado como Técnico de Servicios a la Familia III con un salario mensual de $1,227, ese no era el puesto que la apelante ocupaba en la Administración de Familias y Niños al momento de implantarse el nuevo Plan. Por esa razón, no le correspondía dicha clasificación. La JASAP determinó, además, que la agencia cometió un error al no notificarle a la compañía contratada para clasificar los puestos que la recurrente se había trasladado a otra dependencia del Departamento, pero que dicha actuación no creó derechos y está sujeta a ser corregida. Sostuvo que los derechos de la apelante no se vieron afectados, toda vez que con la clasificación de Técnico de Asistencia Social y Familiar III, con un salario mensual de $1,173, obtuvo un aumento mensual correspondiente a $330.
*624 Denegada la reconsideración, la señora Peña Crespo acudió ante este Tribunal. Alegó que la JASAP erró al no celebrar lina vista informal “luego de que la agencia recurrida le redujo el sueldo y la escala, lo que constituyó un despido constructivo sin vista, avalando un proceso donde los derechos constitucionales de la recurrente fueron violados al privársele de un interés propietario sin el debido proceso de ley”. Alegó, además, que la JASAP erró al determinar que dicha actuación fue conforme a derecho y al determinar que la recurrente no impugnó su nueva clasificación.
En su escrito en oposición a la revisión, el Departamento se amparó en las determinaciones de la JASAP, contenidas en su resolución. Nos señaló, además, que la recurrente tuvo oportunidad de ser oída ante el Comité Revisor, pero ésta optó por no hacerlo e indicó al Comité que permanecería en su puesto con el salario que le fuera notificado originalmente. Sostiene que la corrección del error en la clasificación notificada no constituyó un descenso por no haberse creado ningún tipo de derecho sobre la clasificación anterior. Por último, nos señala que la apelante no cuestionó la clasificación de Técnico de Asistencia Social y Familiar IH, sino que pretendió que se le mantuviera en la clasificación y retribución que le fue erróneamente notificada.
II
Al evaluar la revisión solicitada, somos conscientes de que la Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 de 12 de agosto de 1988, 3 L.P.R.A. S2101 et seq. (en adelante LPAU) y su jurisprudencia interpretativa nos obligan a examinar la decisión administrativa impugnada con un prisma de gran consideración y respeto. A esta norma de deferencia va unida una presunción de legalidad y corrección que debe respetarse mientras no se pruebe convincentemente que la agencia abusó de su discreción. Véase Murphy Bernabé v. Tribunal Superior, 103 D.P.R. 692, 699 (1975), y casos subsiguientes. El propósito de esta normativa es “evitar la sustitución del criterio del organismo administrativo en materia especializada por el criterio del tribunal revisor”. Reyes Salcedo v. Policía de Puerto Rico, 97 J.T.S. 58, a la pág. 958.
Debemos sostener la interpretación administrativa siempre que encuentre apoyo en una base racional, aun cuando esa interpretación no sea la única razonable. El criterio rector de nuestra función revisora es, pues, el de la razonabilidad y estamos obligados a confirmar las interpretaciones administrativas siempre que la agencia no haya actuado ilegal, arbitrariamente, o en abuso de su discreción.
Con lo anterior como punto de partida, tenemos que la presente controversia surge a raíz del cambio de clasificación en el puesto que ocupaba la señora Peña Crespo en el Departamento de la Familia. Dicho cambio surgió, a su vez, de la aplicación de la Ley de Retribución Uniforme, Ley Núm. 89 de 12 de julio de 1979, 3 L. P.R.A. ββ760a - 760j, la cual faculta a las agencias sometidas originalmente a la jurisdicción de la Oficina Central de Administración de Personal (en adelante OCAP) para adoptar planes de clasificación y retribución y, al así hacerlo, actuar como administradores individuales. La nueva estructura que se implante, a tenor con la anterior facultad, deberá regirse por lo preceptuado por la propia ley y por la Sección 4.7 del Reglamento de Retribución Uniforme de la OCAP, Reglamento Núm. 3109 de 7 de junio de 1984 (en adelante Reglamento de Retribución Uniforme) creado al amparo de la misma. Dichos preceptos le imponen a toda agencia, así convertida en administrador individual, la obligación de proveer un tratamiento equitativo y justo en la fijación de sueldos a cada úna de las clases de puestos. 3 L.P.R.A. β 760d.
Reconocemos que corresponde a la autoridad nominadora la plena facultad de determinar cuáles son los puestos necesarios para realizar la misión de la agencia y cuáles son las funciones a realizar y los requisitos que debe tener el incumbente de un puesto específico. Sin embargo, dicha autoridad no es absoluta, pues cada empleado tiene derecho a ser correctamente clasificado. Mercado Vega v. Universidad de Puerto Rico, 128 D.P.R. 273 (1991), 91 J.T.S. 41, a la pág. 8550.
*625 Surge de los autos que el puesto de Técnico de Servicios a la Familia II en la Administración de Familias y Niños fue clasificado bajo el nuevo Plan de Clasificación y Retribución adoptado por el Departamento como Técnico de Servicios a la Familia III, devengando un salario mensual de $1,227. No hay controversia en cuanto al hecho de que al momento de la implantación del nuevo Plan, la señora Peña Crespo no desempeñaba las funciones descritas bajo esa nueva clasificación y según surge de los autos ella no cuestionó la legalidad o corrección de esa clasificación, por lo que no se trata aquí de una alegación de ilegalidad en la aplicación de la citada Ley de Retribución Uniforme.
Tampoco hay controversia en cuanto a que, en efecto, el Departamento le notificó que su puesto se había clasificado conforme la mencionada clasificación. Sin embargo, posteriormente, el Departamento le notificó que, dado que no trabajaba para la Administración de Familias y Niños cuando se implantó el Plan, ni desempeñaba las tareas de esa nueva clasificación, no le correspondía dicha clasificación, sino la de Técnico de Asistencia Social y Familiar III, en la Administración de Desarrollo Económico, con un salario mensual de $1,173. Analicemos estos hechos no controvertidos para determinar si la recurrente generó un derecho propietario sobre la clasificación y salario originalmente notificado por el Departamento.
Con fecha del 30 de junio de 1997, al inicio del estudio para clasificar los puestos bajo el nuevo Plan, la agencia sometió a la compañía Clapp & Mayne, Inc. un formulario de Descripción de Puesto que correspondía a las tareas que la señora Peña Crespo realizaba en el puesto de Técnico de Servicios a la Familia II, bajo la Administración de Familias y Niños. Posteriormente, cuando la señora Peña Crespo fue trasladada a la Administración de Desarrollo Económico, mantuvo el sueldo que devengaba y pasó a ocupar un puesto con la misma clasificación, Técnico de Servicios a la Familia II. Sin embargo, sus funciones no eran las mismas. No se notificó de ello a la compañía consultora, que tomó en consideración las tareas que la señora Peña Crespo desempeñaba en su puesto anterior. Como vimos, las partes coinciden en que ella no trabajaba para esa dependencia cuando el Plan fue adoptado en marzo de 1996. De hecho, la señora Peña Crespo solicitó la revisión de su puesto precisamente porque no trabajaba para esa dependencia. Siendo ello así, contrario a lo alegado por la señora Peña Crespo, en nuestra jurisdicción se ha reconocido que “un error administrativo no crea un estado de derecho que obligue a la agencia ni impida su corrección. Una parte no puede ampararse en una actuación administrativa incorrecta o ilegal. ”. Magriz Rodríguez v. Empresas Nativas, 97 J.T.S. 55, a la pág. 944. Por consiguiente, nada impide que se corrija una actuación administrativa errónea. Del Rey v. J.A.C.L., 107 D.P.R. 348 (1978).
Establecido lo anterior, resolvemos que la recurrente no tiene un derecho propietario sobre la clasificación y el salario notificado en junio de 1996. No existiendo un derecho propietario sobre dicha clasificación, también es incorrecta la alegación de la recurrente de que fue objeto de un descenso, ya que en realidad nunca ocupó el puesto de Técnico de Servicios a la Familia III en la Administración de Familias y Niños del Departamento de la Familia. La recurrente tenía un derecho adquirido sobre el sueldo que devengaba antes de la implantación del nuevo Plan ($843.00). Al clasificarse su puesto en el nuevo Plan como Técnico de Asistencia Social y Familiar III, en la Administración de Desarrollo Económico, con un salario mensual de $1,173.00, recibió un aumento de $330.00 mensuales, por lo que no hubo menoscabo en su sueldo.
Tampoco surge del expediente que la recurrente haya cuestionado la clasificación asignada. Por el contrario, según explica en su escrito de apelación, la señora Peña Crespo solicitó la revocación de la decisión del Departamento debido a que no se tomaron “las acciones correctivas pertinentes durante el término de un año y un día” y por entender que tenía un derecho adquirido sobre el sueldo originalmente asignado por haberse autorizado su traslado usando “como base la Ley A.D.A.”. En cuanto a esto último, aunque la recurrente no aludió a dicha alegación en su solicitud de revisión ante este Tribunal, cabe mencionar que en nuestra apreciación de la Ley Número 104, de 20 de diciembre de 1991, que enmendó la Ley Núm. 44 de 2 de *626 julio de 1985, para atemperar nuestra ley con el estatuto federal, American with Disabilities Act, ADA., del 26 de julio de 1990, no contiene disposición alguna que sostenga tal alegación.
Resolvemos que la decisión recurrida no es hija del capricho ni un abuso de la discreción concedida al foro administrativo. La recurrente no nos ha probado que la agencia haya actuado arbitraria o ilegalmente. Siendo ello así, en ausencia de arbitrariedad, ilegalidad o irrazonabilidad, este foro apelativo debe abstenerse de intervenir con la determinación administrativa aquí impugnada, por lo que confirmamos la misma.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General